# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: January 26, 2018

```
* * * * * * * * * * * * *
DONNA SCAMBY POWERS,              *        UNPUBLISHED
                                 *
            Petitioner,          *        No. 15-1096V
                                 *
v.                               *        Special Master Gowen
                                 *
SECRETARY OF HEALTH              *        Attorneys' Fees and Costs;
AND HUMAN SERVICES,              *        Special Master's Discretion;
                                 *
            Respondent.          *
* * * * * * * * * * * * *
```

Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA, for petitioner.
Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 30, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barré Syndrome (GBS) as a result of an influenza vaccine administered on October 10, 2012. Petition at 1. On July 13, 2017, I issued a ruling on entitlement finding petitioner entitled to compensation. Decision dated July 13, 2017 (ECF No. 35). On July 20, 2017, I issued a decision awarding compensation to petitioner based on the parties' proffer. Decision dated July 20, 2017 (ECF No. 41).

On December 28, 2017, petitioner filed a motion for attorneys' fees and costs. Motion (ECF No. 47). Petitioner requests $43,315.50 as reimbursement for attorneys' fees, and $21,571.81 as reimbursement for costs, for a total request of $65,085.31. *Id.* at 2. In compliance

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with General Order #9, petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses while pursuing this claim. Motion, Exhibit E.

On December 29, 2017, respondent filed a response to petitioner's motion. Respondent's Response (ECF No. 48). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has not filed a reply. This matter is now ripe for adjudication.

I have previously found the hourly rates requested by petitioner's counsel to be reasonable. *Rodd v. Sec'y of Health & Human Servs,* No. 13-122V, 2016 WL 2727147 (Fed. Cl. Spec. Mstr. Apr. 13, 2016); *M.G. v. Sec'y of Health & Human Servs.,* No. 15-344V, 2017 WL 1228701 (Fed. Cl. Spec. Mstr. March 7, 2017). Additionally, on November 1, 2017, Chief Special Master Dorsey issued a reasoned decision in *Tetlock v. Sec'y of Health & Human Servs.,* No. 10-56, 2017 WL 5664257 (Fed. Cl. Spec. Mstr. Nov. 1, 2017), that addressed reasonable hourly rates for petitioner's counsel. She concluded in that decision that petitioner's counsel should be compensated at rates which are consistent with the rates requested in the instant motion. In accord with those recent decisions, I find the hourly rates requested by petitioner's counsel to be reasonable and will award them in full.

I have reviewed the billing records and invoices submitted with petitioner's motion. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task. The expenses incurred are well-documented and based on my experience they are overall reasonable. I find no cause to adjust the time expended or the costs. Thus, the requested attorneys' fees and costs should be awarded in full.

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. Accordingly, I award the following:

1) **A lump sum in the amount of $65,085.31, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Lawrence Cohan, of Anapol Weiss.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

Thomas L. Gowen
Special Master